## Case No. 5,179.

GAINES v. TRAVIS.

[Abb. Adm. 297.] [1]

District Court, S. D. New York. June, 1848.

S. Sanxay, for motion.
Alanson Nash, opposed.

BETTS, District Judge. The respondent moves to set aside the default taken against him by the libellant, and all subsequent proceedings, for irregularity. Both parties also put in statements touching the merits of the case, but it is not necessary at this stage of the cause to discuss them. The monition in the cause was returned on the 25th of April. The respondent appeared by his proctor, and a few days' time were conceded him by the libellant's proctor to put in an answer. The answer was filed and served on the libellant's proctor on the second day of May, and on the same day a notice was given by the latter in conformity with the provisions of rule 88 of this court. to the proctor of the respondent. that the matters of defence set up by the answer would be contested on the hearing of the cause. The cause was thus properly at issue on the merits. and neither party could afterwards proceed in it, except in subordination to the rules governing the practice of the court in respect to issues duly joined. At this point in the proceedings both parties deviated from the established course of practice, and were each guilty of irregularities.

The libellant having ascertained that the answer was filed without the stipulation for costs required to be given by the rules of the court, regarded it as a nullity, and proceeded to a reference before a commissioner. Notice of the reference was given to the libellant, who appeared before the commissioner, and without making any objection to the course of proceedings,. consented to adjournments of the hearing which were directed by the commissioner. The course pursued by the libellant. in bringing the cause on before the commissioner. was irregular and unauthorized in two respects. The answer had already been accepted, and an issue framed upon it as perfect; and the libellant was thereby precluded from disregarding it, and must appeal to the court to compel the respondent to take further steps. if required for his protection. or for an order that the answer be deemed a nullity. A party cannot be allowed, after receiving a pleading

and replying to it, to proceed as if none had been served. If, indeed, he is not to be held in such case absolutely concluded from objecting to it, either as imperfect in form or as put in an improper manner, he must at least apply to the court for relief, and cannot take the decision of the question into his own hands, at discretion. The answer was, however, regular and complete as against the libellant; and this furnishes the second ground of objection to the practice adopted by him. After a bond has been given to the marshal, pursuant to the rules of the supreme court, the libellant has no power to exact any additional stipulation from the respondent. If the rules of this court conflict with rule 3 of the supreme court, they are superseded by it. The rule of the supreme court not only secures to a libellant all the protection provided by the rules of this court as to costs, but more than that, the sureties to the bond became bound absolutely for the performance of the decree of the court; that is, in a case like this, for the payment of the debt. Accordingly, if the libellant required from the respondent the stipulations directed by the rules of the district court, he would of necessity be obliged to relinquish the higher security held by him in the bond to the marshal.

There may, indeed, be a doubt whether the costs payable to officers of the court are secured by the terms of the bond to the marshal. The clerk might, therefore, be justified in exacting pre-payment of those costs, before receiving and filing an answer or other pleading on the part of the respondent, or rendering other services on his behalf; or possibly the rules of this court may be held to remain yet in force, hac tenus, in protection of the interests of the clerk and marshal. The duty of giving a security which shall enure to the protection of the officers is, however, a matter which in no way affects the libellant, and he is not entitled to look into it, or to ground any proceeding upon his part, on its omission or imperfect performance by the respondent.

Had the respondent rested upon his rights, the court must have set aside the proceedings as wholly irregular, and the entry of an order of reference as nugatory. But he having appeared upon the reference, on due notice thereof, and consented to adjournments ordered by the commissioner, he must be held to have waived the irregularity, and to have assented to the reference. The court would, accordingly, hold the respondent to his implied election, and leave the question of the accounts between the parties to the investigation and report of the commissioner, if it were not made to appear that the respondent relies for his defence on evidence showing a payment received by the libellant, in full satisfaction of his demand; while the libellant resists the admissibility of the evidence under the order of reference. As this is a matter which does not appropriately come within an order of reference, there is a formal difficulty in trying the question of award and satisfaction before a commissioner under a general order of reference; and, therefore, to save the respondent from the loss of all opportunity to prove his defence, I shall direct the order of reference to be rescinded, and that the parties proceed to final hearing before the court on the issue as it stands.

Stress was laid by the counsel for the libellant upon rule 40 of the supreme court, as limiting the authority of this court in setting aside defaults. That rule has reference to more solemn and definite decrees, if, indeed, it is not confined in its application to final decrees in the cause. Rule 29 would be the one most applicable to the subject, if the action of the court is controlled by either. The inherent powers of all courts enable them to regulate the incidental and interlocutory orders and practice in the progress of a cause, and this court, so far as it is not restrained by the supreme court, can do so at its discretion. Those rules of the supreme court are in affirmance and not in restraint of that power. The order of reference will, however, be revoked. on condition that the respondent pay the costs created before the commissioner appointed by it. He is to be regarded as a voluntary party to those expenses; for if he intended to avail himself of the irregularity committed by the libellant in taking out the order, he ought to have done so when first apprised of it; and he cannot thus, by his acquiescence, induce the accumulation of costs and then cast them upon the libellant. The court will not, upon the proofs, hold his assent and acquiescence as conclusively binding upon him; but there would be no equity in relieving him from their effect upon easier terms than the reimbursement of the costs accrued from his own act. The libellant will not, however, be allowed any costs except disbursements actually incurred by the reference. His preliminary steps being irregular in themselves, cannot be the occasion of costs in his own favor against the respondent.

Order accordingly.